**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **PERNEVLYN C. COGGINS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. WGC-05-248 |
| | ) |
| **FREDERICK E. DAVIS,** | ) |
| **SHERIFF, CHARLES COUNTY** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

Pending before the Court and ready for resolution is Plaintiff's Motion for Costs (Document No. 68), as supplemented by supporting documentation (Document No. 78). Defendant filed an Opposition (Document No. 81) and Plaintiff a Reply (Document No. 84). No hearing is deemed necessary, and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

**BACKGROUND**

On January 27, 2005, Plaintiff filed a Complaint alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 by Defendant in failing to hire her for the position of Systems Administrator with the Charles County Sheriff's Office. *See* Document No. 1. On May 31, 2006, the Court denied Defendant's motion for summary judgment. *See* Order of May 31, 2006 (Document No. 31).

This case was tried before a jury between December 5-8, 2006. On December 8, 2006, the jury returned a verdict in favor of Plaintiff. The jury found that Plaintiff was denied

1

employment because of her race and denied employment because of her sex. The jury awarded Plaintiff $19,158.50 for lost pay and $75,000.00 for emotional damages. *See* Document No. 63. On December 19, 2006, the Court issued an Order of Judgment, entering judgment in favor of Plaintiff and against Defendant in the amount of $94,158.50. *See* Document No. 64.

As the prevailing party Plaintiff moved for attorneys' fees and costs. *See* Document No. 68. On May 11, 2007, this Court awarded attorneys' fees in the amount of $255,647.50. *See* Document Nos. 74, 75. Because Plaintiff failed to submit documentation supporting her claims for costs, the Court held in abeyance Plaintiff's motion for costs pending the submission of documents supporting the claimed costs. *Id.* On June 8, 2007, Plaintiff filed a Supplemental Filing Regarding Costs. *See* Document No. 78.

Also, as the prevailing party, Plaintiff filed a Bill of Costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). *See* Document No. 67. Costs were awarded to Plaintiff in the amount of $3,365.83. *See* Document No. 85.

## DISCUSSION

*Costs*

"In any action or proceeding to enforce a provision of . . . [T]itle VII of the Civil Rights Act of 1964 . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988(b). It is undisputed that Plaintiff is the prevailing party and was successful on both of her claims: (a) discrimination on the basis of race and (b) discrimination on the basis of sex.

Plaintiff seeks recovery of her compensable costs minus any costs the Clerk taxed pursuant to Plaintiff's Bill of Costs.

2

In her Supplemental Filing Regarding Costs, Plaintiff seeks the following costs through December 31, 2006:

| | |
|---|---:|
| Depositions | 8,060.70 |
| Duplication | 7,338.29 |
| Facsimile | 95.50 |
| Federal Express | 46.42 |
| Filing Fees | 150.00 |
| Long Distance Telephone | 13.96 |
| Messenger | 443.97 |
| Miscellaneous | 1,040.00 |
| PACER | 21.84 |
| Postage | 87.03 |
| Process Server | 160.00 |
| Westlaw Usage | 876.56 |
| Witness Fee | 373.00 |
| Total costs | **$18,707.27** |

Document No. 78, at 3.

The Court shall reduce the costs claimed above by the amount taxed by the Clerk pursuant to Plaintiff's Bill of Costs. Thus, the adjusted compensable costs Plaintiff seeks is as follows:

| *Funds Expended for* | *Costs Claimed* | *Costs Taxed by Clerk* | *Adjusted Costs Claimed* |
|---|---:|---:|---:|
| Depositions | 8,060.70 | 2,416.50 | 5,644.20 |
| Duplication | 7,338.29 | 580.64 | 6,757.65 |
| Facsimile | 95.50 | 0.00 | 95.50 |
| Federal Express | 46.42 | 0.00 | 46.42 |

3

| Filing Fees | 150.00 | 150.00 | 0.00 |
|---|---:|---:|---:|
| Long Distance Tel. | 13.96 | 0.00 | 13.96 |
| Messenger | 443.97 | 0.00 | 443.97 |
| Miscellaneous | 1,040.00 | 0.00 | 1,040.00 |
| PACER | 21.84 | 0.00 | 21.84 |
| Postage | 87.03 | 0.00 | 87.03 |
| Process Server | 160.00 | 160.00 | 0.00 |
| Westlaw Usage | 876.56 | 0.00 | 876.56 |
| Witness Fees | 373.00 | 58.69 | 314.31 |
| ***Total Costs*** | | | ***$15,341.44*** |

A.   *Depositions*

Plaintiff seeks the full costs, minus the costs taxed by the Clerk, for depositions. Defendant argues the Court should strike a substantial portion of the deposition costs ($4,535.00), specifically, the unnecessary costs of videotaping the depositions of each witness. Document No. 81, at 3.  In her Reply, Plaintiff contends that the "videotaped deposition testimony was used not only to prepare effective impeachment for trial, but also to present the case to a mock jury in preparation for trial.  Determinatively, however, those costs are of the type that are charged to fee paying clients, and should be awarded under governing law."  Document No. 84, at 4-5 (citation omitted).

Defendant mistakenly relies upon Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 in opposing the deposition costs and other costs claimed by Plaintiff.  This Court has already approved the Bill of Costs filed under these provisions.  This motion for costs is made pursuant to 42 U.S.C. § 1988 and must be evaluated under that standard.

"A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover 'those

4

reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (quoting *Northcross v. Board of Educ. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979)).  Although Plaintiff's counsel asserts the costs of the videotaped depositions are charged to fee paying clients, Document No. 84, at 5, because this litigation involved a single plaintiff, a single defendant and two counts of discrimination, the Court finds the costs incurred to videotape ten (10) depositions, without a showing that any of the deponents would be unavailable for trial, are *not* reasonable out-of-pocket expenses.

Plaintiff claims the following amounts for videotaping the depositions:

| Deponent | Video Deposition - 1st Hour | Video Deposition- Add'l Hours |
| --- | --- | --- |
| Halvorsen | $280.00 | 4 hrs x $90.00 = $360.00 |
| Shontere | $280.00 | 3 hrs x $90.00 = $270.00 |
| Pitrelli | $280.00 | 2.5 hrs x $90.00 = $225.00 |
| Denyer | $280.00 | 2.5 hrs x $90.00 = $225.00 |
| Crehan & O'Toole | $280.00 | 4.5 hrs x $90.00 = $405.00 |
| Cleaveland | $280.00 | 2.5 hrs x $90.00 = $225.00 |
| Keys | $280.00 | 1.5 hrs x $90.00 = $135.00 |
| Davis & Leonhard | $280.00 | 5 hrs x $90.00 = $450.00 |
| *Total* | **$2,240.00** | **$2,295.00** |

The Court STRIKES **$4,535.00** as an unreasonable out-of-pocket expense.  Deducting this amount from the adjusted costs claimed for the depositions, Plaintiff is AWARDED **$1,109.20** for deposition costs pursuant to 42 U.S.C. § 1988.

*B.     Duplication Costs*

Defendant objects to the "outrageously high amount" Plaintiff claims for duplication

5

costs.  "That amount represents *thousands and thousands* of paper copies in a relatively simple case involving a single plaintiff, no expert witnesses, and relatively few paper exhibits."  Document No. 81, at 4.  Defendant questions whether audio-visual services, *i.e.*, scanning documents or converting from one format to another, are reimbursable expenses.  Defendant reiterates his concerns about the number of pages copied.  "While there were lengthy motions and exhibits that, at times, had to be provided in paper form to both the court and opposing counsel, this does not come even close to justifying the number of paper copies made in this case."  *Id.* at 5.

In her Reply, Plaintiff notes,

> Thousands of pages of documents were produced by the parties in this litigation.  Plaintiff used no fewer than forty-six deposition exhibits, several of which were extensive applicant background files comprised of hundreds of pages in content each.  In keeping with counsel's obligations, Plaintiff made copies for Defendant's counsel, Plaintiff's counsel, and the witness, and some documents were shared with Plaintiff Coggins where appropriate to assist in preparation.  The pleadings and attachments associated with the motion for summary judgment, opposition, reply, surreply, etc., were also substantial.  Those voluminous filings were copied for the Court and Defendant, as required.

Document No. 84, at 6.

Plaintiff further asserts her counsel converted some exhibits to electronic format and presented those exhibits visually to the jury to a very positive effect.  Plaintiff denies such conversion of documents was an extravagance.

Although this litigation involved a single plaintiff, a single defendant and two counts of discrimination, this litigation was a document intensive case.  For example, the Charles County Sheriff Office's Personal History Statement, which both Plaintiff and Mr. Kuminov completed,

6

consists of 42 pages.  An applicant's background file is even more voluminous.  Through discovery Plaintiff's counsel obtained, not only the extensive applicant background files of Plaintiff and Mr. Kuminov, but also the background files of other applicants.  The Court, pursuant to 42 U.S.C. § 1988, AWARDS **$6,757.65**, the adjusted amount claimed for duplication costs.

C.    *Facsimile Costs and Long Distance Telephone Costs*

"While the number of pages sent by facsimile may be reasonable, the cost assessed for faxing each page does not."  Document No. 81, at 5-6.  Defendant argues the $.50 per page claimed is excessive and should be reduced.  Defendant also questions whether the facsimile and telephone costs are recoverable.

Costs for facsimile and long distance telephone calls are normally charged to fee paying clients, and the amounts Plaintiff claims, $95.50 for facsimile and $13.96 for long distance telephone, are reasonable out-of-pocket expenses.  "Generally, reasonable out-of-pocket expenses (including long-distance telephone calls, express and overnight delivery services, computerized on-line research and faxes) are compensable at actual cost."  Local Rules, United States District Court for the District of Maryland ("Md. Local Rules"), Appendix B, 4(a) (2004).  Plaintiff's counsel is entitled to reimbursement.  *See Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1036 (D. Or. 1996), *aff'd*, 116 F.3d 485 (9th Cir. 1997); *Lucas v. Guyton*, 901 F. Supp. 1047, 1060 (D.S.C. 1995).  Pursuant to 42 U.S.C. § 1988, the Court AWARDS **$95.50** for facsimile costs and **$13.96** for long distance telephone costs.

D.    *Federal Express, messenger service, postage, and local transportation costs*

Defendant questions the expenses incurred for these various services.  Plaintiff claims

7

$46.42 for Federal Express service, $443.97 for messenger service, $87.03 for postage, and $18.00 as transportation cost "for a 1:00 a.m. taxi ride of an associate while working on the case. . . ." Document No. 84, at 7 n.4. Fees incurred for reasonable out-of-pocket expenses such as express and overnight delivery services are compensable at actual costs. *See* Md. Local Rules, Appendix B, 4(a); *Kuzma v. IRS*, 821 F.2d 930, 933-34 (2d Cir. 1987) (finding, under 42 U.S.C. § 1988, "courts generally award reimbursement for costs in excess to those enumerated in § 1920 by including attorney's disbursements, which are generally billed to clients in addition to the hourly rate, as part of an award of attorney's fees. Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone cost are generally taxed under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate."); *Lake v. Schoharie County Comm'r of Soc. Servs.*, No. 9:01-CV-1284, 2006 U.S. LEXIS 49168, at *37 (N.D.N.Y. May 16, 2006) (holding that postage, travel expenses, photocopying charges, and the costs of placing telephone calls are generally reimbursable costs under 42 U.S.C. § 1988). The Court, pursuant to 42 U.S.C. § 1988, AWARDS **$46.42** for Federal Express service, **$443.97** for messenger service, **$87.03** for postage, and **$18.00** for local transportation.

E.   *Westlaw Usage*

Plaintiff seeks compensation for $876.56 incurred for Westlaw usage. Defendant found no authority in the Fourth Circuit concerning whether computer-aided research is a reimbursable expense to a prevailing plaintiff. If the Court determines this cost is compensable, "this component should be decreased to the extent that Ms. Coggins has already been compensated through her fee petition for the time spent conducting computer-assisted research." Document

No. 81, at 7.  Plaintiff asserts Defendant has mistakenly cited authority regarding 28 U.S.C. § 1920.  Plaintiff seeks compensation under 42 U.S.C. § 1988.  Plaintiff argues this is a fee normally charged to fee paying clients and thus Plaintiff should be reimbursed.

"Generally, reasonable out-of-pocket expenses (including . . . computerized on-line research . . . ) are compensable at actual cost."  Md. Local Rules, Appendix B, 4(a).  Pursuant to 42 U.S.C. § 1988, the Court AWARDS **$876.56** for Westlaw usage.

F.      *Miscellaneous Cost (Mock Trial)*

Defendant asks the Court, consistent with its memorandum opinion on the award of attorneys' fees where the Court struck all billing associated with a mock trial, to strike the $1,040.00 Plaintiff seeks as reimbursement for conducting the mock trial.  Plaintiff seeks reimbursement for the following reasons:

> In November 2006, counsel for Plaintiff conducted a mock trial intended to refine the arguments to be presented at trial.  As noted by Plaintiff in the fee petition, the mock trial (during which the mock jury returned a defense verdict) was exceedingly beneficial in adjusting the trial strategy to ensure that Plaintiff could vindicate her civil rights.  The only expense item claimed for the mock trial was $1040 in cash paid to the mock jurors.  As with other claimed costs, Plaintiff's counsel requires payment of such expenses from fee paying clients.

Document No. 84, at 8 (footnote omitted).

The Court understands the desire of Plaintiff's counsel to conduct a mock trial to gauge their strategy for trial.  Nonetheless, for this single plaintiff, single defendant and two counts of discrimination case, the Court finds the $1,040.00 incurred for conducting the mock trial is *not* a reasonable out-of-pocket expense.  The Court therefore STRIKES **$1,040.00** claimed as miscellaneous cost (mock trial).

G.   *Other Expenses*

Defendant does not challenge the fees Plaintiff claims for PACER and witness fees. Therefore, pursuant to 42 U.S.C. § 1988, the Court AWARDS **$21.84** for PACER fees and AWARDS **$314.31** as the adjusted cost claimed for witness fees.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Costs (Document No. 68) is **GRANTED IN PART** & **DENIED IN PART**.  A separate Order will be entered AWARDING Plaintiff's counsel **$9,784.44**.

August 22, 2007 /s/
_____ _____
  Date WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE